PROB 12C
(6/16)

Report Date: September 18, 2017

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 18 2017

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Kathryn R. Elliott    Case Number: 0980 2:09CR00073-JLQ-1;
                                                     0980 2:09CR00124-JLQ-1

Address of Offender: Unknown

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge

Date of Original Sentence: October 30, 2009

Original Offense:      Felon in Possession of a Firearm and Ammunition, 18 U.S.C. §§ 922(g)(1) and 924;
                       Maintaining Drug-Involved Premises, 21 U.S.C. § 856(a)(1)

Original Sentence:     Prison - 78 months              Type of Supervision: Supervised Release
                       TSR - 36 months

Revocation
Sentence:              Prison - 30 days
(06/29/2017)           TSR - 6 months

Asst. U.S. Attorney:   George J. C. Jacobs, III        Date Supervision Commenced: July 30, 2017

Defense Attorney:      Benjamin M. Flick               Date Supervision Expires: February 23, 2018

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 3**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility.<br><br>**Supporting Evidence**: On August 4, 2017, a supervision intake was completed. Ms. Elliott signed a copy of her judgement indicating an understanding of the conditions ordered by the Court, which includes special condition number 3 as noted above. She was advised that despite her decision to not appear at the RRC as previously directed, she would still be required to comply with this condition. A RRC bed date was then secured for August 15, 2017. |

On August 15, 2017, Ms. Elliott reported to the RRC. On September 8, 2017, Ms. Elliott aborted the RRC without permission.

She has since failed to report and her whereabouts are unknown.

2      **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court of probation about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: On August 4, 2017, a supervision intake was completed. Ms. Elliott signed a copy of her judgement indicating an understanding of the conditions ordered by the Court, which includes standard condition number 2, noted above.

On August 15, 2017, Ms. Elliott reported to the RRC.

On September 8, 2017, Ms. Elliott aborted the RRC. The undersigned officer contacted her by phone. She was directed to report to the undersigned officer on Monday, September 11, 2017, at 7:30 a.m.

On September 11, 2017, Ms. Elliott failed to report to the USPO.

On September 12, 2017, Ms. Elliott sent the undersigned officer a text message indicating she overslept the day prior and that she had been attending a training program she had previously been accepted into. The undersigned officer advised she is expected to report and provide the undersigned officer with residential information and address violation matters. She was directed to report the following morning at 7:30 a.m..

On September 13, 2017, Ms. Elliott failed to report. The undersigned officer attempted to reach Ms. Elliott by phone. A voicemail message was left advising Ms. Elliott that the undersigned officer is trying to work with her in a manner that will allow her to continue to attend the training program. She was further advised her actions are placing her at risk for the issuance of a warrant, which would prevent her from attending the program. She was again directed to report that same day.

Ms. Elliott has continued to fail to report. Her whereabouts are unknown.

3      **Special Condition # 6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On August 4, 2017, a supervision intake was completed. Ms. Elliott signed a copy of her judgement indicating an understanding of the conditions ordered by the Court, which includes special condition number 6 noted above.

Ms. Elliott was placed on random drug testing through Alcohol, Drug, Education Prevention and Treatment (ADEPT), and directed to call the drug testing line daily. She was directed to report to ADEPT on days her color was called and submit to urinalysis testing.

On September 8, 2017, Ms. Elliott was directed to report to the undersigned officer to address her violation behavior and to submit to urinalysis testing on Monday, September 11, 2017, at 7:30 a.m.

On September 11, 2017, Ms. Elliott failed to report to the USPO, while also failing to submit to urinalysis testing. In addition, ADEPT advised that Ms. Elliott's testing color was called that same day and she failed to appear at ADEPT for urinalysis testing.

4 **Standard Condition # 5**: You must live at a place approved by the probation officer, If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer with 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: On August 4, 2017, a supervision intake was completed. Ms. Elliott signed a copy of her judgement indicating an understanding of the conditions ordered by the Court, which includes standard condition number 5 noted above.

On September 8, 2017, Ms. Elliott aborted the RRC. That same evening, the undersigned officer contacted her by phone. She advised she planned on staying at either the Hope House or Transitions over the weekend. Ms. Elliott was directed to notify the undersigned officer later that evening of address information for each place she ends up staying. She was further directed to report to the undersigned officer on Monday, September 11, 2017, at 7:30 a.m.. Ms. Elliott failed to apprise the undersigned officer of her residential situation as directed.

On September 11, 2017, Ms. Elliott failed to report.

On September 12, 2017, she sent the undersigned officer a text message indicating she overslept the day prior and that she had been attending a training program. She was directed to report the following morning at 7:30 a.m.

On September 13, 2017, Ms. Elliott failed to report. The undersigned officer attempted to reach Ms. Elliott by phone. A voicemail message was left advising Ms. Elliott that the undersigned officer is trying to work with her in a manner that will allow her to continue to attend the training program. She was further advised that her actions are placing her at risk for the issuance of a warrant, which would prevent her from attending the program. She was again directed to report that same day.

Ms. Elliott has since failed to report her residential situation. Her whereabouts are unknown.

5 **Special Condition #2**: You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

      **Supporting Evidence**: On August 4, 2017, a supervision intake was completed. Ms. Elliott signed a copy of her judgement indicating an understanding of the conditions ordered by the Court, which includes special condition number 2, noted above. At that time, she was directed to contact mental health provider, Robert Shepard, to begin counseling sessions.

      On September 14, 2017, contact was made with mental health provider, Robert Shepard. He advised Ms. Elliott was scheduled to meet with him on September 12, 2017, but she failed to appear or call.

6      **Special Condition # 5**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

      **Supporting Evidence**: On August 4, 2017, a supervision intake was completed. Ms. Elliott signed a copy of her judgement indicating an understanding of the conditions ordered by the Court, which includes special condition number 5 noted above.

      On September 9, 2017, Ms. Elliott began treatment services at ADEPT. She was assessed at an intensive outpatient level, requiring her to attend three treatment sessions per week.

      On September 14, 2017, contact with ADEPT indicated Ms. Elliott discontinued attending services as directed. She was expected to attend three sessions per week as required of her through intensive outpatient treatment. ADEPT staff advised that Ms. Elliott left a note stating she could only attend 1 day per week due to her schedule. Ms. Elliott failed to attend treatment at ADEPT on September 12 and 13, 2017. This change was never approved or addressed with the undersigned officer.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 18, 2017

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

Prob12C
Re: Elliott, Kathryn R.
September 18, 2017
Page 5

THE COURT ORDERS
[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

*Signature of Judicial Officer*

9/18/2017
Date